In the Matter of the Claim of NATALIE SCHEFFLER, Respondent. SOCIETY OF MOTION PICTURE & TELEVISION ENGINEERS, Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent. In the Matter of SOCIETY OF MOTION PICTURE & TELEVISION ENGINEERS, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by the employer from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of a referee which sustained an initial determination of the Industrial Commissioner holding

the employer liable for contributions to the State Unemployment Insurance Fund. The employer, Society of Motion Picture & Television Engineers, contends that it is a nonprofit membership association organized and operated exclusively for scientific purposes and exempt from making contributions. The Unemployment Insurance Law (Labor Law, § 560, subd. 4) provides, in part: " any corporation, unincorporated association, community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, shall not be employers liable for contributions under this article ". The society is a membership association organized under the laws of the District of Columbia. The certificate of incorporation states that the purposes are " the promotion and advancement of the motion picture art and for mutual benefit." Its constitution sets forth its aims as " Advancement in the theory and practice of engineering in motion pictures, television, and the allied arts and sciences; the standardization of equipment and practices employed therein; the maintenance of a high professional standing among its members; and the dissemination of scientific knowledge by publication." The society holds two conventions each year at which papers of current technical and scientific interest are submitted and discussed; it publishes a monthly journal containing articles on such subjects as stereophonic principles, photographic sharpness evaluation and primary color filters; it issues awards in recognition of outstanding contributions to the development of the motion picture and television arts. In addition, the society formulates and promulgates standards based upon technical, engineering and scientific considerations. Some of the standards sponsored by the society are concerned with the technical and engineering aspect of test films which are used, among other purposes, in setting and measuring performance objectives of equipment in production and new equipment. The society as a part of its standardization work, supervises the production of test films upon machinery designed and owned by it and it sells such test films to its members and others. The appeal board found that the more important objects of the society are those dealing with maintaining high professional standards among engineers and the standardization of equipment used and practices employed in the motion picture and television engineering field. The appeal board held that those objectives have little or no relationship to any activity of a scientific nature and decided that the society was not organized exclusively for scientific purposes and did not operate exclusively for scientific purposes. " Neither the duty nor the power to weigh the evidence rests with the courts, for that function, by virtue of the statute, has been imposed upon the administrative authority acting in a quasi-judicial capacity." (*Matter of Morton* [*Miller*], 284 N. Y. 167, 170; Labor Law, § 623.) Keeping in mind the limited scope of our review, we are unable to conclude, as a matter of law, that the decision should not stand. From the certificate of incorporation, the society's constitution and its conduct, the inference could reasonably be drawn that the society was organized, in part at least, for the mutual interest of its members. And from the nature of some of its operations, it could be found that one of its aims was to further the professional and business interests of its members. These findings remove the society from the category of associations " operated exclusively for * * * scientific * * * purposes " which is the test which the Legislature has decreed must be met to release an employer from the contributions required by the Unemployment Insurance Law. (Cf. *Matter of*

*Smith* v. *Brooklyn Bar Assn.,* 266 App. Div. 1038, affd. 292 N. Y. 593, motion to amend remittitur denied 292 N. Y. 718 and 293 N. Y. 751.) Decision of the Unemployment Insurance Appeal Board affirmed, with costs to the Industrial Commissioner. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.